**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **THE CENTRE ON 441, LLP,**<br>**a Florida Limited Partnership,**<br><br>**Plaintiff,**<br>**v.**<br><br><br>**THE UNITED STATES,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **No. 08-213C**<br>**(Judge Hodges)** |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits.

4. Denies the allegations contained in paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5. Admits the allegations contained in the first and third sentences of paragraph 5. Admits the allegations contained in the second sentence of paragraph 5 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 5.

6. Denies the allegations contained in paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7. Admits the allegations contained in the first and third sentences of paragraph 7 to

the extent supported by the document referenced, which is the best evidence of its contents; otherwise denies the allegations contained in the first and third sentences of paragraph 7. Denies the allegations contained in the second sentence of paragraph 7.

8. The allegations contained in the first sentence of paragraph 8 that "[t]he square footage allocation for parking and maneuvering is an essential, material, and vitally important term and goes to the essence of the Lease" constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied; denies the remainder of the allegations contained in the first sentence of paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9. Denies the allegation contained in paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth.

10. Admits the allegations contained in the first sentence of paragraph 10 that the Postal Service has abided by the terms of the Lease in relation to the contracted-for square footage in the Lease; denies the remainder of the allegations contained in the first sentence of paragraph 10 for lack of knowledge or information sufficient to form a belief as to their. Admits the allegations contained in the second sentence of paragraph 10 that the Postal service has increased the number of employees, delivery trucks, and independent delivery contractors working for the Postal Service out of the Palms West Branch; denies the remainder of the allegations contained in the second sentence of paragraph 10.

11. Denies.

12. Denies.

13. Admits the allegation contained in paragraph 13 that plaintiff has requested that the Postal Service decrease the square footage that it is using for parking and maneuvering; denies the remainder of the allegations contained in paragraph 13.

14. The allegations contained in paragraph 14 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15. Admits the allegation contained in the first sentence of paragraph 15 that on or about April 26, 2007, plaintiff sent a letter to the Postal Service; the allegation contained in the first sentence of paragraph 15 that said letter was sent "pursuant to the CDA" constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied; admits the remainder of the allegations contained in the first sentence of paragraph 15 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in the first sentence of paragraph 15. Admits the allegations contained in the second sentence of paragraph 15.

16. Admits the allegation contained in the first sentence of paragraph 16 that on or about June 5, 2007, the Postal Service sent a letter to plaintiff; admits the remainder of the allegations contained in the first sentence of paragraph 16 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in the first sentence of paragraph 16. Admits the allegations contained in the second sentence of paragraph 16.

17. Admits the allegation contained in the first sentence of paragraph 17 that on or about June 27, 2007, plaintiff sent a letter to the Postal Service; admits the remainder of the

allegations contained in the first sentence of paragraph 17 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the remaining allegations contained in the first sentence of paragraph 17 are denied. Admits the allegations contained in the second sentence of paragraph 17 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 17. Admits the allegations contained in the third sentence of paragraph 17.

18. Admits the allegation contained in the first sentence of paragraph 18 that on or about August 29, 2007, the Postal Service sent a letter to plaintiff; admits the remainder of the allegations contained in the first sentence of paragraph 18 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in the first sentence of paragraph 18 are denied. Admits the allegations contained in the second sentence of paragraph 18.

19. Admits the allegation contained in the first sentence of paragraph 19 that on or about November 14, 2007, after plaintiff's receipt of the Postal Service's letter of August 29, 2007, plaintiff sent a letter to the Postal Service; admits the remainder of the allegations contained in the first sentence of paragraph 19 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in the first sentence of paragraph 19. Admits the allegations contained in the second sentence of paragraph 19.

20. Admits the allegations contained in paragraph 20 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denies the allegations

contained in paragraph 20.

21. Admits that the allegations contained in paragraph 21 to the extent supported by the document referenced in paragraph 21, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Admits the allegation contained in the first sentence of paragraph 22 that on or about January 28, 2008, the Postal Service sent a letter to plaintiff; admits the remainder allegations contained in the first sentence of paragraph 22 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the remaining allegations contained in the first sentence of paragraph 22 are denied. Admits the allegations contained in the second sentence of paragraph 22.

23. Defendant incorporates by reference its responses to paragraphs 1 through 22 of the complaint.

24. The allegations contained in paragraph 24 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

25. The allegations contained in paragraph 25 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

26. The allegations contained in paragraph 26 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 constitute conclusions of law, to which

no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29. The allegations contained in paragraph 29 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

30. The allegations contained in paragraph 30 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 30 of the complaint, or to any relief whatsoever.

31. Defendant incorporates by reference its responses to paragraphs 1 through 22 of the complaint.

32. The allegations contained in paragraph 32 constitute plaintiff's characterization of this action, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

33. The allegations contained in paragraph 33 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

34. The allegations contained in paragraph 34 constitute plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

35. The allegations contained in paragraph 35 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

36. The allegations contained in paragraph 36 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact,

they are denied.

37. Denies the allegation contained in paragraph 37 that defendant is in doubt as to its legal rights and obligations under the lease and requires a declaratory judgment from this Court to resolve this dispute; denies the remainder of the allegations contained in paragraph 37 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

38. The allegations contained in paragraph 38 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

39. The allegations contained in paragraph 39 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

40. The allegations contained in paragraph 36 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

41. The allegations contained in paragraph 41 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 41 of the complaint, or to any relief whatsoever.

42. Defendant incorporates by reference its responses to paragraphs 1 through 22 of the complaint.

43. The allegations contained in paragraph 43 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

44. The allegations contained in paragraph 44 constitute conclusions of law, to which

no answer is required; to the extent they may be deemed allegations of fact, they are denied.

45. The allegations contained in paragraph 45 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

46. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 45 of the complaint, or to any relief whatsoever.

47. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that plaintiff's complaint be dismissed, and grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/BRIAN M. SIMKIN
BRIAN M. SIMKIN
Assistant Director

S/MICHAEL D. AUSTIN
MICHAEL D. AUSTIN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
8th Floor
Washington, D.C. 20530
Tele: (202) 616-0321
Fax: (202) 305-7644

June 25, 2008

CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of June 2008, a copy of the foregoing "**DEFENDANT'S ANSWER"** was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Michael D. Austin